**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| In Re: | ) | In Proceedings Under Chapter 7 |
| | ) | |
| TIMOTHY W. GOFF and | ) | Case No. 08-60475-lkg |
| MERLENE R. FLAUGHTER-GOFF, | ) | |
| | ) | Adversary No. |
| Debtors. | ) | |
| | ) | |
| | ) | |
| ROBERT E. EGGMANN, | ) | |
| Solely in his Capacity as Chapter 7 Trustee | ) | |
| for Timothy W. Goff and | ) | |
| Merlene R. Flaughter-Goff, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNIVERSAL FUNDS, INC., | ) | |
| Serve:  President Richard Chakejian | ) | |
| Or Any Current Officer | ) | |
| 200 Phillips Drive | ) | |
| Exton, PA  19341 | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT TO DETERMINE THE VALIDITY, PRIORITY, AND EXTENT OF AN
ALLEGED LIEN OR OTHER INTEREST**

COMES NOW Plaintiff Robert E. Eggmann, chapter 7 trustee for Timothy W. Goff and

Merlene R. Flaughter-Goff, by and through the undersigned counsel, and for his *Complaint to

Determine the Validity, Priority, and Extent of an Alleged Lien or Other Interest* (this

"Complaint") respectfully states as follows:

**NATURE OF THE ACTION**

1.      The filing of this Complaint commences an adversary proceeding pursuant to

FED.R.BANKR.P. Rule 7001(2).

2.      Plaintiff Robert E. Eggmann ("Plaintiff" or "Trustee") seeks a determination from

this Court pursuant to 11 U.S.C. § 506 as to the validity, priority, and extent of an alleged lien or other interest asserted by Defendant Universal Funds, Inc. against certain settlement proceeds currently held by the Trustee which are property of the bankruptcy estate within the meaning of 11 U.S.C. § 541(a).

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, as this proceeding arises in or relates to a case under title 11 presently pending before the United States Bankruptcy Court for the Southern District of Illinois (the "Court" or the "Bankruptcy Court"). This cause of action constitutes a "core proceeding" within the meaning of 28 U.S.C. §157(b)(2)(K).

4.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

5.      This Complaint brings a civil action based upon 11 U.S.C. § 506(d), seeking a determination of this Court that Defendant Universal Funds, Inc. does not hold a valid lien or other interest in certain settlement proceeds currently held by Trustee.

6.      Plaintiff consents to the entry of a final order or judgment by the Bankruptcy Court in this matter.

## PARTIES

7.      Debtors Merlene R. Flaughter-Goff and Timothy W. Goff (collectively, the "Debtors") commenced this case by filing a voluntary petition under chapter 7 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Code"), on August 28, 2008 (the "Petition Date") in this Court.

8.      Plaintiff Robert E. Eggmann is the duly appointed, qualified successor chapter 7 trustee for Debtors.

9.    Defendant Universal Funds, Inc. ("Universal Funds") is a corporation organized under the laws of the State of Pennsylvania. Pursuant to Fed.R.Bankr.P. Rule 7004(b)(3), said corporation may be served by first class U.S. mail, postage prepaid, in care of its president Richard Chakejian, or any current officer, at its principal place of business located at 200 Phillips Drive, Exton, PA  19341.

10.    Universal Funds is an alleged creditor of Debtors in the above-referenced bankruptcy proceeding.

## FACTS COMMON TO ALL COUNTS

### Debtors' Pre-Petition Product Liability Claim and Its Settlement.

11.    Upon information and belief, on or about February 28, 2006, Debtor Merlene Flaughter-Goff suffered an injury related to an allegedly defective medical devise implant (the "Claim").

12.    The Claim arose prior to the Petition Date.

13.    Robert T. Bruegge ("Bruegge") was the chapter 7 bankruptcy trustee initially appointed in Debtors' case.

14.    Debtors did not disclose the Claim in any of their sworn bankruptcy schedules and statements filed in the bankruptcy case, nor did they testify as to the Claim when questioned under oath during their 341 Meeting of Creditors.

15.    After conducting a thorough investigation of the Debtors' financial affairs, Bruegge filed a Report of No Distribution.

16.    On December 8, 2008, an Order of Discharge was entered by this Court granting Debtors' discharge under 11 U.S.C. § 727, and the bankruptcy case was closed on December 19, 2008.

17.     After the bankruptcy case had been fully administered, Debtors engaged legal counsel to investigate and prosecute on a contingent basis a product liability cause of action arising out of the Claim.

18.     In March 2022, the Office of the United States Trustee was informed of Debtor Merlene Flaughter-Goff's interest in the Claim, the then pending civil litigation, and a proposed settlement offer.

19.     Upon motion of the United States Trustee, an Order [Dkt. 62] was entered by this Court on March 3, 2022 reopening the bankruptcy case.

20.     Plaintiff was appointed as chapter 7 trustee in Debtors' bankruptcy case in accordance with 28 U.S.C. § 586(b), 11 U.S.C. § 701, and Fed.R.Bankr.P. Rule 5010, so that he might administer upon the Claim on behalf of the bankruptcy estate. [*See* Dkt. 63.]

21.     On May 19, 2022, Debtors filed their Amended Schedule A/B [Dkt. 77] and Amended Schedule C [Dkt. 78], disclosing Debtor Merlene Flaughter-Goff's interest in the Claim and seeking an exemption in the same in the amount of $15,000.00 pursuant to 735 ILCS 5/12-1001(h)(4).

22.     On October 6, 2022, the *Order Approving Motion of Successor Trustee to Approve Compromise and Settlement of Product Liability Claim and for Authority to Execute All Documents Necessary to Effectuate a Settlement of the Claim* [Dkt. 87] (the "Settlement Order") was entered by this Court, approving a settlement of the Claim for the sum of $300,000.00 (the "Settlement").

23.     The net settlement proceeds in the amount of $285,000.00 (the "Net Settlement Proceeds") are currently in possession of the Trustee.

24.     Trustee believes the Claim and the Net Settlement Proceeds to be property of the

bankruptcy estate, pursuant to Section 541(a) of the Code, and thus subject to recovery by Trustee.

**The Post-Petition Assignment to or Loan by Universal Funds.**

25. Since approximately 2009, Universal Funds has been in the business of offering high interest loans to consumers through pre-settlement funding.

26. Universal Funds alleges that it made an assignment or loan of money to Debtor Merlene Flaughter-Goff for personal use, as evidenced by a certain Purchase and Assignment Agreement dated July 13, 2017 (the "Agreement").

27. Pursuant to the terms of the Agreement, Debtor Merlene Slaughter-Goff received the principal amount of $2,500.00 in exchange for an assignment to Universal Funds of an interest in the future settlement proceeds in the amount of $11,355.00. A true copy of the Agreement is attached hereto as Exhibit 1 and incorporated herein by this reference.

28. The Agreement provided for the accrual of interest on the aforesaid principal payment at the compounded monthly rate of 39.00%. Ex. 1, Agreement, p. 2, ¶ 1.

29. Universal Funds has alleged that it has a lien upon the Net Settlement Proceeds by virtue of the obligations set forth in Agreement.

30. Upon information and belief, Universal Funds has demanded the sum of $58,019.00 in satisfaction of its interest under the Agreement.

## COUNT I

**Determination Of Validity, Priority, and Extent, of an Alleged Lien or Other Interest, Pursuant to 11 U.S.C. § 506(d)**

COMES NOW Plaintiff Robert E. Eggmann and for Count I of his Complaint, seeking an order from this Court determining the validity, priority, and extent of an alleged lien or other interest asserted by Universal Funds against the Net Settlement Proceeds, respectfully states as

follows:

31. Trustee restates and realleges the allegations set forth in paragraphs 1 through 30 of this Complaint as if more fully set forth herein.

32. Section 506 of the Code provides, in pertinent part, as follows: "to the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void. . . ." 11 U.S.C. § 506(d).

33. Illinois law prohibits the voluntary assignment of or lien against a personal injury claim as violative of public policy.

34. Accordingly, the purported assignment or transfer of an interest in settlement proceeds as contemplated by the Agreement is void, and Universal Funds holds no valid lien in the Net Settlement Proceeds.

35. Moreover, Section 541 of the Code defines property of the bankruptcy estate as "all of the following property, wherever located and by whomever held, [including] all legal or equitable interest of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1).

36. Legal precedent has established that a debtor's interest in a personal injury claim which arose pre-petition and the prospective proceeds arising from that claim constitute property of the bankruptcy estate.

37. Accordingly, when Debtors filed their bankruptcy case, the Claim, which arose pre-petition− and the Net Settlement Proceeds thereafter generated by the Claim's prosecution− became property of the bankruptcy estate which Trustee was entitled to recover and did so recover.

38. Moreover, pursuant to legal precedent, an assignment of a right to receive income contingent upon the occurrence of a future event (such as a settlement) does not convey a present interest in property to an assignee. The assignment of future proceeds operates as a future lien which only comes into existence when a judgment is entered or a settlement is reached. A lien related to such an assignment or transfer does not relate back to the date of the assignment.

39. Thus, the alleged lien asserted by Universal Funds under the terms of the Agreement or any alleged equitable interest in the Net Settlement Proceeds in favor of Universal Funds must fail.

40. Accordingly, Trustee seeks an order of this Court setting forth its determination that any lien against or equitable interest in the Net Settlement Proceeds alleged by Universal Funds is void.

WHEREFORE, Plaintiff Robert E. Eggmann respectfully requests this Court to enter its declaratory order as follows:

a. holding that Defendant Universal Funds, Inc. holds no valid lien against the Net Settlement Proceeds;

b. holding that Defendant Universal Funds, Inc. otherwise holds no equitable interest in the Net Settlement Proceeds;

c. holding that Trustee may distribute the Net Settlement Proceeds in accordance with the terms of the Settlement Order, free from any lien, assignment, or equitable interest of Universal Funds;

d. and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

ROBERT E. EGGMANN, TRUSTEE

By: */s/ Robert E. Eggmann*
One of his Attorneys

Robert E. Eggmann, Illinois Bar # 6203021
Becky R. Eggmann, Illinois Bar # 6203020
CARMODY MACDONALD P.C.
120 S. Central Ave., Suite 1800
St. Louis, Missouri  63105
(314) 854-8600
Fax No. (314) 854-8660
ree@carmodymacdonald.com
bre@carmodymacdonald.com

EXHIBIT 1

DocuSign Envelope ID: 6C16D2DD-824A-426A-9A04-020E7282D834

## PURCHASE AND ASSIGNMENT AGREEMENT

This Purchase and Assignment Agreement ("Agreement") is dated the 13ᵗʰ day of July 2017 by and between Merlene Goff, social security [REDACTED] date of birth 7/14/1970, having an address at 6750 Jezek Rd., Salem, IL 62881 ("Seller"), and Universal Funds ("Universal"), a Pennsylvania company having an address at 200 Phillips Dr. , Exton, PA 19341 ("Buyer").

### Background

Seller has a claim arising out of a Products Liability accident which occurred on 2/28/2006 (the "Claim") against or involving [REDACTED] Corporation and/or all proper defendants. Seller has hired Stephanie Fenstersheib-Lariosa, Esquire of Law Offices of Robert J. Fenstersheib & Associates, P.A. ("Attorney") whose address is 520 W. Hallandale Beach Blvd., Hallandale, FL 33009 to represent him/her in the Claim. Seller anticipates that the Claim will result in a verdict, judgment, award, or settlement. The entire amount of the verdict, judgment, award or settlement recovered by Seller, less legal fees and costs payable to Attorney under the existing fee agreement between Attorney and Seller, constitute the Proceeds of the Claim (the "Proceeds").

Seller desires to sell and assign to Universal an Interest in the Proceeds. Universal desires to purchase the Interest on the terms and conditions set forth in this Agreement

### 1.    Purchase of Interest

I hereby sell, transfer, convey and assign to Universal a $11,355.00 Interest (the "Interest) in the Proceeds for a purchase price of $9,372.10 ("Purchase Price). I acknowledge receipt of the Purchase Price, less a fee of $350.00 ("Administrative Fee"), a Cash4Cases Payoff amount of $5,345.10 and a LawCapital Enterprises, LLC Origination Fee of $1,177.00. I understand that (i) after the deduction of the Administrative Fee, Payoff and Origination Fee the net amount received by me will be $2,500.00 and (ii) the amount of Universal Funds Interest, in other words, the amount to be paid to Universal and/or Universal's rate of return, will increase to reflect the date Universal is paid its Interest in the Proceeds as set forth in the following Disclosure Table (the "Disclosure Table") as such may be amended from time to time.

### DISCLOSURE TABLE

| Purchase Price | | $9,372.10 |
|---|---|---|
| Administrative Fee (review & processing) | | $350.00 |
| Cash4Cases Payoff | | $5,345.10 |
| LawCapital Enterprises Origination Fee | | $1,177.00 |
| Net Amount Received By Me | | $2,500.00 |
| *Date of Payment to Universal Funds* | *Number Of Months* | *Amount of Universal Funds' Interest/Amount Due to Universal Funds* |
| On or Before 1/13/2018 | 6 | $11,355.00 |
| After 1/13/2018 and on or before 4/13/2018 | 9 | $12,498.00 |
| After 4/13/2018 and on or before 7/13/2018 | 12 | $13,757.00 |

Page 1 of 11

Seller's Initials _MG_

DocuSign Envelope ID: 6C16D2DD-824A-426A-9A04-020E7282D834

| After 7/13/2018 and on or before 10/13/2018 | 15 | $15,142.00 |
|---|---|---|
| After 10/13/2018 and on or before 1/13/2019 | 18 | $16,667.00 |
| After 1/13/2019 and on or before 4/13/2019 | 21 | $18,345.00 |
| After 4/13/2019 and on or before 7/13/2019 | 24 | $20,193.00 |
| After 7/13/2019 and on or before 10/13/2019 | 27 | $22,226.00 |
| After 10/13/2019 and on or before 1/13/2020 | 30 | $24,465.00 |
| After 1/13/2020 and on or before 4/13/2020 | 33 | $26,928.00 |
| After 4/13/2020 and on or before 7/13/2020 | 36 | $29,640.00 |
| After 7/13/2020 and on or before 10/13/2020 | 39 | $32,625.00 |
| After 10/13/2020 and on or before 1/13/2021 | 42 | $35,910.00 |
| After 1/13/2021 and on or before 4/13/2021 | 45 | $39,527.00 |
| After 4/13/2021 and on or before 7/13/2021 | 48 | $43,507.00 |
| **Annual percentage fee (rate of return) on advance, compounded monthly: 39.00%** | | |

### 2.   Contingency Agreement

If no recovery of Proceeds is received under Seller's Claim as a result of a verdict, judgment, award, or settlement, Seller shall have no responsibility, obligation or duty to pay Buyer the Purchase Price, unless Seller's failure to recover Proceeds arises from or in connection with any fraud, misrepresentation, deception, breach of warranty or failure to perform any covenant contained in this Agreement by Seller, who will then be liable for Buyer's attorney's fees or collection costs, as permitted by law.

### 3.   Payment from Proceeds

(a)   Buyers Interest shall be paid by Seller's Attorney of the Proceeds of the Claim and will be deducted directly from the Proceeds of the Claim and will be paid to Buyer prior to any payment to Seller. If the Proceeds of the Claim are not enough to pay the full amount due to Buyer, then Buyer shall be entitled to receive 100% of the Proceeds of the Claim. I have directed my Attorney (and any future attorneys representing me) to, among other things, (i) place an assignment, consensual lien and security Interest in favor of Buyer against any and all Proceeds due Seller from the Claim (after payment of any and all legal fees and reimbursable costs) and to protect and satisfy the assignment, consensual lien and security Interest in favor of Buyer up to the full amount of Buyer's Interest, (ii) notify Buyer of any award, verdict, settlement, discontinuance or ending with respect to the Claim, (iii) pay Buyer from the Proceeds the proper amount due to buyer representing Buyer's Interest in the Proceeds at the time of the distribution of the Proceeds prior to any payment to me with respect to the Claim, (iv) respond to requests for information from Buyer, and (v) contact Buyer prior to any disbursements of funds to verify the amount of Buyer's Interest. I have provided Buyer with an executed Authorization for Attorney to pay Universal Funds from Proceeds of Claim,/Acknowledgement of Authorization by Seller and his/her attorney in the form attached as Exhibit "A" (the "Authorization and Acknowledgement").

(b)   At any time prior to final verdict, award, or settlement of my Claim, Seller may pay Buyer money to reduce the amount owed to Buyer. There is no penalty for such a payment. If Seller pays such an amount, Buyer will prepare an amended Disclosure Table which Buyer and Seller will sign, which will reduce the amount of Buyer's Interest. Additionally if Seller wants to sell an additional amount of the Claim, and if Buyer agrees to purchase an additional

Page 2 of 11                                                          Seller's Initials _MG_

DocuSign Envelope ID: 6C16D2DD-824A-426A-9A04-020E7282D834

amount, Seller will sign an amended Disclosure Table.  Seller understands that Buyer is not required to purchase additional portions of the Claim.

(c)     The amount due Buyer shall be withheld from any money collected as a result of Seller's Claim and shall immediately be paid to Buyer (after first deducting Attorney's fees and costs, and any prior liens which exist on the date of this Agreement).  Seller agrees that all Proceeds received in connection with this Claim shall be held in trust for Buyer until Buyer has been fully paid the amount due under this Agreement.  Seller agrees that Seller will not receive any money or payment from the Proceeds of the Claim until Buyer has been paid its Interest in full.

(d)     In the event the Claim is the subject of more than one lawsuit, claim or cause arising out of more than one incident/accident/claim, then the amount due Buyer under this Agreement shall be paid from the Proceeds of the first lawsuit, claim or case, including Uninsured Motorists claims, Underinsured Motorists claims and any possible malpractice claims arising out the Claim, which results in a recovery by the Seller.  If insufficient funds are available from the first of the lawsuit, claim and/or case resulting in a monetary recovery to pay the full amount due Buyer pursuant to this Agreement, then the balance due Buyer shall be paid from the Proceeds of the next lawsuit, claim and/or case if any.

### 4.     No Transfer of Legal Claim

This Agreement is for the purchase of the Purchase Price only.  Seller is not assigning any portion of the Claim to Buyer, and Buyer is not buying any portion of Seller's Claim under this Agreement.  Buyer shall have no right, duty or obligation to purchase or prosecute the Claim, or to negotiate with or to collect from any third party any verdict, judgment, award or settlement under such claim on behalf Seller.

### 5.     Sellers Representations and Warranties

Seller represents and warrants that

(a)     Seller is represented by an attorney in the Claim.  Seller has reviewed this with an attorney, and any agreement between attorney and Seller will not be changed in any way so as to reduce the Proceeds payable to Seller.  Seller also promises to notify Buyer in writing within 3 days if Seller terminates the services of Seller's attorney, or if the attorney decides not to proceed with the Claim.  If new attorneys are retained to represent Seller in this Claim, Seller will notify Buyer of the new attorney and will direct the new attorney to comply with the terms if this Agreement.  Seller and new attorney will execute a new Authorization and Acknowledgement within 14 days after agreeing to the terms of representation.  Seller will also notify Buyer within 3 days if Seller moves from the address listed above;

(b)     Seller has not sold, transferred, hypothecated, mortgaged, encumbered, assigned, conveyed and/or otherwise disposed of any Interest in the Claim or in the Proceeds to any other person or entity.  **Seller specifically agrees that Seller will not sell any additional portion of the Proceeds of the Claim without Buyer's permission or unless Buyer's Interest in the Claim is paid in full;**

Page 3 of 11

Seller's Initials MG

DocuSign Envelope ID: 6C16D2DD-824A-426A-9A04-020E7282D834

(c)    This Agreement is a legal, valid and binding obligation of Seller;

(d)    Seller is capable of entering into this Agreement;

(e)    Other than the Claim itself, there is no claim, legal action, charge, security Interest, lien, encumbrance, or any proceeding or order pending, or the rights of a third party, in effect or threatened, against Seller's property, assets or business, or this Claim other than set forth in Exhibit "B", which would in any manner affect or impair the Purchase Price under this Agreement;

(f)    Seller has complied with all laws and has not committed any misrepresentation, fraud or deception in connection with this Claim or this Agreement;

(g)    Seller is using the funds received from the Purchase price for Seller's immediate economic necessities. Seller has been advised that Seller should not sell any portion of the Proceeds of the Claim if Seller has any other alternative to meet Seller's immediate economic necessities. Because buyer is taking a high risk in purchasing the portion of the Proceeds of the Claim, Seller understands buyer may make a large profit. Seller acknowledges that seller has been advised to seek the services of tax, accounting and financial advisors (in addition to my attorney) in the negotiating and signing of this Agreement. Seller has valid reasons for selling to Buyer an Interest in the Proceeds rather than waiting until there is a verdict, award or settlement of the Claim. Seller understands that the amount of Buyer's Interest as set forth in the Disclosure table is greater than the Purchase price Seller is receiving, and there is a cost to Seller of selling to Buyer the Interest.

(h)    Seller has not filed any voluntary petition in bankruptcy, or been found bankrupt or insolvent in any court proceeding, or sought or has been subject to the appointment of any trustee or receiver for all or any part of Seller's property. Seller further represents that he/she is not in violation of any obligations concerning child support or alimony, and Seller has not been convicted of any felony or other crime involving dishonesty.

(i)    Seller will use Seller's best efforts to prosecute the Claim and to bring the Claim to a good faith settlement or final disposition. Seller will keep Buyer informed about important developments in the Claim, and to instruct Seller's Attorney to keep Buyer informed about the Claim if from time to time buyer requests an update as to the status of the Claim. Seller also promises to cooperate with Buyer in enforcing its rights under this Agreement.

## 6.    Indemnification

Seller agrees to indemnify and to hold Buyer harmless from, and shall reimburse Buyer for, any and all loss, liability and/or damage (including attorney's fees) suffered by Buyer by reason of any misrepresentation, breach of warranty or failure to perform any covenant by Seller or Attorney contained in this Agreement or in any document, instrument or any other item delivered to Buyer in connections with this transaction.

Page 4 of 11                                                    Seller's Initials _MG_

DocuSign Envelope ID: 6C16D2DD-824A-426A-9A04-020E7282D834

7.   **Notices**

All notices and other communications required or permitted to be made or given under this Agreement shall be in writing and shall be either delivered personally or sent postage prepaid by United States mail, return of receipt requested as follows:

To Buyer at:      Universal Funds
                  200 Phillips Dr.
                  Exton, PA 19341

To Seller at:     Merlene Goff
                  6750 Jezek Rd.
                  Salem, IL 62881

8.   **Reclassification of Transaction**

This Agreement represents an investment by Buyer, and not a loan to Seller. However, should a court of law determine that the transaction set out in this Agreement is a loan of money; Seller agrees that Interest shall accrue at the maximum rate permitted by law. Seller agrees that any fees or expenses paid by Buyer in connection with the Claim will not be included as Interest. This includes the Administrative fee described by paragraph 1 above, and any attorney's fees and/or costs Buyer has expended to enforce its rights under this Agreement. Seller agrees that these will be considered as reimbursements to Buyer, rather than as Interest.

9.   **Waiver of Jury Trial**

BUYER AND SELLER, AFTER CONSULTATION WITH OUR RESPECTIVE ATTORNEYS, EACH HEREBY WAIVE ANY RIGHT WHICH WE MAY HAVE TO A JURY TRIAL IN CONNECTION WITH ANY LEGAL PROCEEDING INVOLVING, DIRECTLY OR INDIRECTLY, ANY MATTER COMMENCED BY OR AGAINST US IN ANY WAY ARISING OUT OF OR RELATED TO THIS AGREEMENT OR WITH ANY DOCUMENT EXECUTED IN CONNECTION WITH THIS AGREEMENT.

10.   **Events of Default**

The occurrence of any one or more of the following events shall be an event of default by Seller under this Agreement.

(a)   The failure of me or my Attorney to pay Buyer's Interest in the Proceeds within 30 days after (i) there is a verdict, award and/or settlement with respect to the Claim and (ii) Proceeds are received by me or my Attorney; or

(b)   My failure to perform or comply with any of the agreements, conditions, provisions, or promises contained in this Agreement, including but not limited to if Buyer does not receive a timely response to a request for information from me or my Attorney or if Buyer does not receive a new Authorization and Acknowledgement by me or my new Attorney within ten (10) days after accepting representation in the Claim;

Page 5 of 11                                        Seller's Initials ⌐DS MG

DocuSign Envelope ID: 6C16D2DD-824A-426A-9A04-020E7282D834

(c)    If Buyer discovers any material misrepresentations or inaccuracies in any representation of warranty made by Seller or Buyer in this Agreement.

Upon an Event of Default by me under this Agreement, I agree that Buyer may contact any insurance company, claims adjuster or attorney then handling the Claim on behalf of any responsible party and advise such insurance company, claims adjuster or Attorney about Buyer's Interest in my Claim and to direct that Buyer shall be included as the payee on settlement check. If Buyer does anything stated in this paragraph, Buyer shall not be liable to me for any damages which I may suffer resulting from Buyer's actions described above.

## 11.    Applicable Law

This Agreement shall be governed by and construed under the laws of the Commonwealth of Pennsylvania without regard to its provisions concerning conflicts of law. Buyer and Seller further irrevocably consent to the service of process out of the state and federal courts having original jurisdiction over actions arising in Phoenixville, Pennsylvania by mailing copies thereto by registered or certified United States mail, postage prepaid, to the other party to this Agreement at address specified above.

## 12.    Arbitration

ANY DISPUTE BETWEEN SELLER AND BUYER ARISING UNDER OR RELATING TO THIS AGREEMENT (INCLUDING THE QUESTION OF WHETHER ANY PARTICULAR MATTER IS ARBITRABLE UNDER THIS AGREEMENT) SHALL BE SETTLED BY ARBITRATION. ALL PROCEEDINGS UNDER THIS PARAGRAPH SHALL BE UNDERTAKEN IN ACCORDANCE WITH RULES OF THE AMERICAN ARBITRATION ASSOCIATION (AAA) IN FORCE AS OF THE DATE OF THIS AGREEMENT IS EXECUTED. THE ARBITRATION SHALL TAKE PLACE BEFORE A SINGLE ARBITRATOR TO BE CHOSEN BY AGREEMENT OF THE PARTIES, OR FAILING SUCH, IN ACCORDANCE WITH THE AAA RULES. THE ARBITRATION SHALL TAKE PLACE IN PHILADELPHIA, PA UNLESS THE PARTIES AGREE TO A DIFFERENT LOCATION. THE ARBITRATOR SHALL PREPARE A WRITTEN AWARD UPON THE COMPLETION OF THE ARBITRATION HEARING. JUDGMENT UPON THE WRITTEN AWARD SHALL BE ENTERED AND ENFORCED IN ANY COURT OF COMPETENT JURISDICTION. SELLER AND BUYER AGREE THAT THE WRITTEN DECISION OF THE ARBITRATOR SHALL BE VALID, BINDING, FINAL, AND NON-APPEALABLE.

THE PARTY WHO INITIATES ARBITRATION SHALL PAY THE INITIAL FILING FEE AND DEPOSIT REQUIRED BY THE AAA. IF SELLER INITIATES THE ARBITRATION AND BELIEVES IN GOOD FAITH THAT IS IT FINANCIALLY UNABLE TO PAY SUCH FILING FEES OF THE ARBITRATOR, AND OTHER ARBITRATION FEES, SELLER MAY ASK THE AAA TO DEFER OR REDUCE SUCH FEES PURSUANT TO THE AAA RULES. IF THE AAA DOES NOT DEFER OR REDUCE SUCH FEES SO THAT THE SELLER CAN AFFORD THEM, BUYER MAY, UPON SELLER'S WRITTEN REQUEST, PAY THE FEES AND ANY OTHER COSTS

Page 6 of 11                                                          Seller's Initials  MG

DocuSign Envelope ID: 6C16D2DD-824A-426A-9A04-020E7282D834

OF ARBITRATION THAT SELLER DEMONSTRATES IT IS UNABLE PAY AND THAT ARE OVER AND ABOVE THE AMOUNT OF FEES AN COSTS SELLER WOULD HAVE PAID IN A LEGAL CLAIM IN A FEDERAL DISTRICT COURT IN THE SAME JURISDICTION AS THE PLACE OF ARBITRATION. PAYMENT OF SUCH FEES AND COSTS BY BUYER IS SUBJECT TO ANY LATER ALLOCATION OF THE FEES AND COSTS BETWEEN SELLER AND BUYER BY THE ARBITRATOR AS PROVIDED BELOW.

THE PARTIES TO THIS AGREEMENT CHOOSE ARBITRATION AS A WAY TO EXPEDITIOUSLY RESOLVE ANY DISPUTES. THE PARTIES HEREBY WAIVE THE RIGHT TO ANY JURY TRIAL ON ANY DISPUTE. THE PARTIES ALSO WAIVE ANY RIGHT TO CONSOLIDATE OR TO HAVE HANDLED AS A CLASS ACTION ANY PROCEEDING ON ANY DISPUTES WITH ANY PROCEEDING ON DISPUTES, CLAIMS, OR CONTROVERSIES INVOLVING ANY PERSON OR ENTITY NOT A PARTY TO THIS AGREEMENT.

THE PREVAILING PARTY IN ANY DISPUTE SHALL BE ENTITLED TO ALL REASONABLE ATTORNEYS' FEES AND COSTS, EXPENSES AND DISBURSEMENTS WITH RESPECT TO SUCH DISPUTE.

### 13. Miscellaneous

(a)    Entire Agreement. This Agreement constitutes the entire Agreement between the parties pertaining to its subject matter and supersedes all prior and contemporaneous agreements, representations and understandings of the parties. No modification or amendment of this Agreement or waiver of any of its provisions shall be valid unless in writing and signed by both parties. The parties hereby acknowledge that they have read the terms of this Agreement, that they have consulted with legal counsel concerning its terms and effect, and that they understand and voluntarily make this Agreement and intend to be legally bound by its terms.

(b)    Counterparts. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which shall constitute one and the same instrument.

(c)    Invalidity. The invalidity or unenforceability of any term or provision of this Agreement shall not void or impair the remaining provisions, which shall remain in full force and effect as if such invalid or unenforceable provision had never been contained herein.

(d)    Assignment. This Agreement shall be binding upon and/or to the benefit of the parties hereto, their respective successors and assignes. Seller shall not assign his or her rights or obligations under this Agreement without the prior written agreement consent of the Buyer.

Seller's Initials _MG_

DocuSign Envelope ID: 6C16D2DD-824A-426A-9A04-020E7282D834

**14.    Right to Cancel**
**SELLER HAS THE RIGHT TO CANCEL THIS AGREEMENT WITHIN SEVEN (7) DAYS FROM THE DATE OF RECEIPT OF PURCHASE PRICE FROM BUYER.**

In order for the cancellation to be effective, Seller must either:

(i)    return the full amount of disbursed funds by Buyer to Buyer, by delivering the uncashed check to the Buyer's offices in person, within seven business days of the date Seller signs this Agreement, or

(ii)    mail a notice of cancellation and include in that mailing a return of the full amount of disbursed funds (in the form of the Universal check, or registered, cashiers' or certified check or money order), by insured, registered or certified United States mail, postmarked within seven (7) business days of the date Seller signs this Agreement, at the address below:

UNIVERSAL FUNDS
200 Phillips Dr.
Exton, PA 19341

**DO NOT SIGN THIS AGREEMENT BEFORE YOU READ IT COMPLETELY OR IF IT CONTAINS ANY BLANK SPACE.  BEFORE YOU SIGN THIS AGREEMENT YOU SHOULD OBTAIN THE ADVICE OF YOUR ATTORNEY.  YOU ARE ENTITLED TO A COMPLETELY FILLED IN COPY OF THIS AGREEMENT.**

SELLER:

By: _Merlene Goff_

Merlene Goff
Date: _7/13/2017_

BUYER:
UNIVERSAL FUNDS

By: _Paul A. Graeff_

Paul A. Graeff, Jr., President
Date:  July 13, 2017

**STATE OF**
**COUNTY OF**                                **ss:**
On _____ day of _____, 20___, before me, the undersigned notary public, personally appeared _____, and in due form of law acknowledged the foregoing instrument to be that person's act and deed and desire the same to be recorded as such.
Witness my hand and notarized seal the date and year aforesaid.

_____
Notary Public
My commission Expires_____                Notary Seal

Page 8 of 11                                                Seller's Initials _MG_

DocuSign Envelope ID: 6C16D2DD-824A-426A-9A04-020E7282D834

## EXHIBIT "A"
### AUTHORIZATION FOR ATTORNEY TO PAY UNIVERSAL FUNDS FROM PROCEEDS OF CLAIM/ACKNOWLEDGEMENT OF AUTHORIZATION

### AUTHORIZATION

Pursuant to that certain Purchase Agreement dated July 13, 2017 between Merlene Goff and Universal Funds (the "Agreement") I, Merlene Goff hereby irrevocably authorize and direct my attorney (and any future attorney representing me in connection with my claim), to, among other things (i) acknowledge an assignment, consensual lien and security Interest in favor of Universal against any and all of the proceeds due me from the Claim (after payment of any and all legal fees, reimbursable costs, statutory liens and liens buyer has been advised of that are in existence prior to the date of the Agreement) and to protect and satisfy the assignment, consensual lien and security Interest in favor of Buyer up to the full amount of Universal Funds Interest, (ii) pay Universal Funds from the Proceeds the amount due to Buyer representing its Interest in the Proceeds of my Claim at the time of distribution of the proceeds prior to any payment to me with respect to my Claim, (iii) notify Universal Funds of any verdict, Award, settlement, discontinuance or ending with respect to my Claim, (iv) respond to request for information from Universal Funds and (v) call or contact Universal Funds prior to any disbursement of funds to verify the amount due prior to any distribution of Proceeds to Seller.

The amount of Universal Funds Interest will increase to reflect the date universal Funds is paid its Interest and Proceeds set forth in the Disclosure table attached to the Agreement as Exhibit B, as such may be amended from time to time. This authorization is irrevocable and binding and may only be amended by the mutual written agreement of Universal Funds and Seller.

Date: 7/13/2017                  Signature: Merlene Goff
                                            Merlene Goff

### ACKNOWLEDGEMENT OF AUTHORIZATION

I, Stephanie Fenstersheib-Lariosa, Esquire on behalf of Law Offices of Robert J. Fenstersheib & Associates, P.A. hereby acknowledge that we represent Merlene Goff ("Plaintiff"), as his or her attorney, in connection with the Claim described in that certain Purchase Agreement dated July 13, 2017 between Plaintiff and Universal Funds ("Universal") (the "Agreement").

I acknowledge that Plaintiff has irrevocably instructed us to comply with its terms pursuant to the Authorization set forth above (the "Authorization") and I will honor Plaintiff's authorization and the assignment, consensual lien and security Interest in favor of Universal, subordinate only to my fees, reimbursable costs, statutory liens and liens Universal has been advised of that are in existence prior to the date of this Agreement. In particular, we agree to pay Universal its Interest from Plaintiff's Proceeds of the Claim in accordance with the Disclosure Table set forth on Page 1 and 2 of this Agreement, as such may be amended from time to time. I further agree not to distribute any Proceeds of the Claim to Plaintiff until Universal has been paid its Interests in full. In the event of a dispute, we agree that only disbursements for attorney's fees, reimbursable costs, statutory liens and liens Universal has been advised of that are in existence prior to the date of this Agreement will be made and that all funds due Plaintiff shall be held by us until such dispute is resolved. I also agree to honor any amended Disclosure Table signed by Plaintiff and Universal.

All disbursement of funds, including Plaintiff's share of the Proceeds, will be through my attorney trust account, and Plaintiff will not receive a settlement check directly from the defendant or insurance company. I also agree to contact Universal prior to any disbursement of funds to verify the amount of Universal's Interest.

I have no knowledge of Plaintiff having previously sold, transferred or signed any Interest in the Claim or in the Proceeds of the Claim, to any other person or entity, except for Universal, and understand that Plaintiff may not further sell, transfer or assign any additional Interest in the Claim without Universal's written permission, unless Universal Interest has been paid in full.

Date: _____                  Signature: _____
                                                   Stephanie Fenstersheib-Lariosa

Page 9 of 11                                        Seller's Initials _____

As attorney of record for **Merlene Goff,** I acknowledge that I have received and read a true copy of the attached Irrevocable Assignment of Proceeds.

I have reviewed the March 15, 2002 Professional Ethics Opinion 00-3 and acknowledge that I have conformed to its dictates. I have discussed with my client whether the cost of the transaction outweighs the benefits of receiving the funds immediately and any other potential problem that can a raise. I have also discussed with my client whether there has been a waiver of the attorney-client and work products privileges. After such discussion, my client has made an independent decision to go forward with this financing arrangement.

I have also reviewed the Rules Regulating the Florida Bar, rule 5-1.1 (e), that states, **(e) Notice of receipt of trust funds: Delivery: Accounting.** Upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person. Except as stated in this rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall promptly render a full accounting regarding such property.

I am fully aware that **Universal Funds** can lose its investment in this case if the client terminates this office's representation of if the client receives the money directly. I therefore agree that so lo ng as I represent the client, the funds due to **Universal Funds** will be paid directly through my office and will not, under any circumstances be given to the client. I further agree to immediately notify of any termination of my services, by facsimile and also provide the name, address and telephone number of the successor attorney, or if no successor attorney, the name, address and claim number of the third part insurance carrier.

I am unaware of any liens from other non-recourse companies that the pre-date the **Universal Funds** lien created by the attached Assignment, except as listed below.

Cash4Cases

_____

Robert J. Fenstersheib, Esquire

Bar number: 307300

I have read the foregoing Attorney's Acknowledgment or it has been read to me in my native language.
I agree that its contents are true and correct.

_____

Borrower's Signature

DocuSign Envelope ID: 6C16D2DD-824A-426A-9A04-020E7282D834

## EXHIBIT "B"

### PRIOR SALES, TRANSFERS, ASSIGNMENTS OR CONVEYANCES OF ANY INTEREST IN THE CLAIM

List previous liens, if any:

Seller's Initials MG